```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
LA REYNA DE WESTCHESTER DELI GROCERY :
CORP.,                                  :
                                        :     22 CIV 01242 (VEC) (KHP)
                                        :
                    Plaintiff,          :
                                        :
                                        :     **STIPULATION AND**
       against                          :     **PROTECTIVE ORDER**
                                        :
UNITED STATES DEPARTMENT OF AGRICULTURE,:
FOOD AND NUTRITION SERVICE and UNITED   :
STATES OF AMERICA,                      :
                                        :
                    Defendants.         :
                                        :
---------------------------------------- X

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. This Protective Order is issued in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), the Food and Nutrition Act of 2008, 7 U.S.C. § 2020(e)(8), and the federal regulations promulgated thereunder, 7 C.F.R. § 272.1(c) (collectively "the Acts").

2. Counsel for any party may designate any document or information, in whole or in part, as subject to this Protective Order if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information including, but not limited to, information protected from disclosure by the Acts and/or private information regarding electronic benefits transfer ("EBT") card recipients and competitor store information. Information and documents designated by a party as subject to the Protective Order ("Protected Information") will be stamped "SUBJECT TO PROTECTIVE ORDER."

3. This Order hereby authorizes the Defendants to produce Protected Information for purposes of litigation of this action that otherwise would be prohibited from disclosure under the Acts without presenting objections to this Court for a decision regarding disclosure. To the extent the Acts allow disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

4. The Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5. In the event a party challenges another party's designation of Protected Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Protected Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Protected Information.

6. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "SUBJECT TO PROTECTIVE ORDER" shall not be disclosed to any person, except:

   a. Counsel of record for the Parties;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
   d. Plaintiff, who may only read the Protected Information in the presence of its attorney, but may not maintain, retain, keep, copy, or photograph the protected information; and
   e. The Court (including the mediator, or other person having access to any Protected Information by virtue of his or her position with the Court).

7. Prior to disclosing or displaying the Protected Information to any person, counsel must:

   a. Inform the person of the protected nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or

        documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8. The disclosure of a document or information without designating it as "Subject to the Protective Order" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thenceforth be treated as Protected Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "Subject to Protective Order" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

12. At the conclusion of litigation, Protected Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Protected Information if otherwise required by law or pursuant to a valid subpoena.

14. Nothing in this Order shall prevent the disclosure of Protected Information to government authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

SO STIPULATED AND AGREED.

| LAW OFFICE OF CHARLIE VARGAS, P.C.<br><br>By: _____<br>Charlie A. Vargas<br>26 Court Street, Suite 1400<br>Brooklyn, New York, 11242<br>Tel: (718) 586-0025<br>Email: charlie@cvargaslaw.com<br><br>*Attorney for Plaintiff*<br><br>Dated: New York, New York<br>         September 12, 2022 | DAMIAN WILLIAMS<br>United States Attorney<br><br>By: ___/s/ Mollie Kornreich___<br>MOLLIE KORNREICH<br>Assistant U.S. Attorney<br>86 Chambers Street, Third Floor<br>New York, New York 10007<br>Tel.: (212) 637-3274<br>Email: mollie.kornreich@usdoj.gov<br><br>*Attorney for Defendants*<br><br>Dated: New York, New York<br>         September 12, 2022 |

SO ORDERED.

*Katharine H. Parker*
KATHARINE H. PARKER, U.S.M.J.

Dated: New York, New York
         September 13, 2022